IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID ALEXANDER LITTELL A/K/A DAWOOD ABDULLAH IBA LITTELL, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:15-cv-2362-D-BN |
| LUPE VALDEZ, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sidney A. Fitzwater. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action as frivolous.

**Background**

Plaintiff David Alexander Littell a/k/a Dawood Abdullah Iba Littell ("Littell") asserts that, at approximately 5:45 p.m. on March 11, 2015, while he was in the inmate receiving area of the Dallas County Jail, that he "was ordered to strip completely naked without any aid of privacy or screen," that he "was in the direct view of other inmates including female inmates," and that, "while in line for medical processing, no other inmate was stripped naked as [he] was." Dkt. No. 3 at 4. Separately, Littell asserts that, after he received a time-served sentence, the Dallas County Sheriff's

Office "failed to send the proper paperwork to [Texas Department of Criminal Justice ("TDCJ")] officials notifying [them] of credited time and need for immediate release," which resulted in Littell being held for an additional 52 days. *Id.*

The Court granted Littell leave to proceed *in forma pauperis*, *see* Dkt. Nos. 4 & 5, and issued a questionnaire [Dkt. No. 6], to which Littell has submitted verified responses, *see* Dkt. No. 7; *see also* Dkt. No. 8 (substantively identical responses submitted through Dkt. No. 7). Littell has only named a single defendant, Dallas County Sheriff Lupe Valdez. Based on his verified questionnaire responses, it appears that Littell seeks to hold Sheriff Valdez individually responsible in a supervisory capacity and/or through her official capacity as Dallas County Sheriff. *See* Dkt. No. 7.

The undersigned now concludes that the Court should summarily dismiss this action as frivolous.

**Legal Standards**

Screening

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or, instead, detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), equally applicable here, a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have 'an arguable basis in fact or law.'"). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the

well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Although a court generally cannot look beyond the pleadings in determining whether claims should be dismissed on initial screening, the pleadings here include Littell's responses to the Court's questionnaire [Dkt. Nos. 7 and 8], which "become part of a plaintiff's pleadings." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)).

A district court generally must afford a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim. *See Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053,

1054 (5th Cir. 1998)). One of "[t]he primary ways of affording opportunities to bring into focus the factual and legal bases of a prisoners' claims" – and the one predominately utilized by the undersigned – is "requesting a more definite statement from the prisoner through a questionnaire." *Id.* (citing *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994)). Where the Court determines that a *pro se* prisoner has been given an opportunity to state his best case by, for example, providing responses to a Court-issued questionnaire, the Court may dismiss his complaint – or claims and/or defendants therein – with prejudice. *See, e.g.*, *Mitchell v. Miller-Roach*, No. 3:10-cv-1762-K-BK, 2011 WL 2273509, at *4 (N.D. Tex. May 17, 2011), *rec. adopted*, 2011 WL 2292247 (N.D. Tex. June 8, 2011) (citing *Brewster*, 587 F.3d at 767-68; *Cobb v. Simmons*, 373 F. App'x 469, 470 (5th Cir. 2010) (per curiam); *Teel v. Collins*, 59 F.3d 1242, 1995 WL 413135, at *1 (5th Cir. June 21, 1995) (per curiam)); *see also Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("Dismissal with prejudice [is] appropriate if the plaintiff has been given an opportunity to expound on the factual allegations by way of a *Watson[ v. Ault*, 525 F.2d 886 (5th Cir. 1976)] questionnaire."), *abrogated on other grounds by Arvie v. Broussard*, 42 F.3d 249 (5th Cir. 1994).

<u>Strip searches</u>

Littell asserts that the strip search violated his "8th amendment constitutional right to not have cruel or unusual punishment inflicted," Dkt. No. 7 at 6, but, in "this circuit," "the Fourth Amendment[ applies] to visual body cavity searches in the prison setting," *Elliott v. Lynn*, 38 F.3d 188, 191 n.3 (5th Cir. 1994) (citing *United States v. Lilly*, 576 F.2d 1240 (5th Cir. 1978), *abrogated on other grounds by Hudson v. Palmer*,

468 U.S. 517 (1984)); *see also Moore v. Carwell*, 168 F.3d 234, 237 (5th Cir. 1999); *Waddleton v. Jackson*, 445 F. App'x 808, 808 (5th Cir. 2011) (per curiam) ("Waddleton's allegations regarding the search of his person did not state a claim for relief under the Eighth Amendment. In this circuit, such claims are properly considered under the Fourth Amendment." (citations omitted)).

> Prison practices that impinge on prisoners' constitutional rights are valid as long as they are "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987). The "evaluation of penological objectives is committed to the considered judgment of prison administrators, 'who are actually charged with and trained in the running of the particular institution under examination.'" *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Bell v. Wolfish*, 441 U.S. 520, 562 (1979)). Strip searches have been repeatedly recognized as an important tool of prison security, and are not *per se* unconstitutional. *See, e.g., Florence v. Bd. of Chosen Freeholders*, ___U.S. ____, 132 S. Ct. 1510, 1515-23 (2012); *Bell*, 441 U.S. at 558-60. A prisoner retains, "at best, a very minimal Fourth Amendment interest in privacy after incarceration." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

*McCreary v. Richardson*, 738 F.3d 651, 656 (5th Cir. 2013); *see also Johnson v. Hutton*, No. 2:07-cv-195, 2009 WL 1392598, at *3 (N.D. Tex. May 18, 2009) (observing that "strip searches carried out in non-secluded areas of the prison and in the presence of prison employees of the opposite sex are not unconstitutional" and then dismissing the action under Sections 1915A and 1915(e)(2) (quoting *Tasby v. Lynaugh*, 123 F. App'x 614, 615 (5th Cir. 2005) (per curiam) (in turn citing *Letcher v. Turner*, 968 F.2d 508, 510 (5th Cir. 1992); *Elliott*, 38 F.3d at 190-92; *Oliver*, 276 F.3d at 747))).

<u>Delayed release</u>

The United States Court of Appeals for the Fifth Circuit has recognized a due process right to timely release from incarceration

such that, for example, "[d]etention of a prisoner for over 'thirty days beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process.'" *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) (quoting *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980)); *id.* (stating that "[t]here is a [c]learly [e]stablished [r]ight to [t]imely [r]elease from [p]rison"); *see also Terry v. Hubert*, 609 F.3d 757, 763 (5th Cir. 2010) ("[T]he due process clause is implicated in cases of continued incarceration ... beyond the term of a court-ordered sentence[ ]....").

*Fleming v. Tunica Cnty. Miss.*, 497 F. App'x 381, 384 (5th Cir. 2012) (per curiam).

## Analysis

Littell fails to plausibly allege that Sheriff Valdez – the sole defendant he has sued – is liable for any of the constitutional violations that he asserts. The Court should dismiss this action against Sheriff Valdez with prejudice, as frivolous, for this reason alone.

To the extent that Littell has sued Sheriff Valdez in her official capacity, "the § 1983 action against Sheriff Valdez in her official capacity is, in effect, a claim against Dallas County." *Palo ex rel. Estate of Palo v. Dallas County*, No. 3:05-cv-0527-D, 2006 WL 3702655, at *1 n.3 (N.D. Tex. Dec. 15, 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985)). While a municipality such as Dallas County may be held liable under Section 1983, "[a] county's liability under Section 1983 arises when 'official policy or governmental custom is responsible for a deprivation of rights protected by the Constitution.'" *Hampton Co. Nat'l Sur., LLC v. Tunica Cnty., Miss.*, 543 F.3d 221, 224 (5th Cir. 2008) (quoting *Bennett v. City of Slidell*, 728 F.2d 762, 766 (5th Cir. 1984)).

To hold a municipality liable under § 1983, ... plaintiffs must show an

> "underlying claim of a violation of rights," as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005). The official policy requirement means that municipal liability under § 1983 "is limited to action for which the municipality is actually responsible." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-80 (1986).

*Stiff v. Stinson*, No. 3:12-cv-4998-D, 2013 WL 3242468, at *3 (N.D. Tex. June 27, 2013); *accord Hampton Co. Nat'l Sur.*, 543 F.3d at 227; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

Because Littell sued only Sheriff Valdez, he was asked to identify "the specific facts upon which [his is] basing [his] claim against [Sheriff Valdez], or what policy or practice [he seeks] to challenge?" Dkt. No. 6 at 7. Littell responded by identifying Texas law that holds that each sheriff is the keeper of his or her respective jail, to allege that "Sheriff Lupe Valdez had an unyielding duty to know my sentenced time and was not discharged." Dkt. No. 7 at 7; *see also id.* at 7-8 ("Certainly when the Sheriff finds out that a prisoner is confined in his/her jail, which the laws makes him/her the keeper thereof, and hold him responsible for, it is his/her duty to know of what authority the inmate is confined therein, and he/she cannot close his/her eyes and fail to make investigation and excuse herself on the grounds of lack of knowledge of circumstances."). In addition, as to his strip-search claim, Littell challenges "the policy [of] the jail ... to strip search inmates who arrive by way of extradition." *Id.* at 8; *see also id.* ("In no manner should any person be subjected to standing fully nude in view of multiple officers (male & female) and inmates. This is greatly offensively humiliating and degrading especially as such act is strictly forbidden to [M]uslims to

expose himself in view of other women not related by marriage.").

But Littell's "failure to identify an official policy, custom, or practice giving rise to a constitutional violation is ... fatal to [his] claim against Dallas County, Texas," packaged as an official-capacity claim against Sheriff Valdez. *Amir-Sharif v. Valdez*, No. 3:06-cv-2258-P, 2007 WL 1791266, at *3 (N.D. Tex. June 6, 2007) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The deficiency that the court noted in *Amir-Sharif* is equally applicable to the construed municipal liability claim that Littell presents here. There, Magistrate Judge Jeff Kaplan observed:

> When asked if the actions of jail officials were the result of any official policy promulgated or implemented by the County, plaintiff generally referred to the deficient grievance system, inadequate supervision of detention officers, the failure to train and discipline employees, and inadequate or non-existent property confiscation and strip search procedures. However, plaintiff has not pointed to any formal policy or persistent widespread practice that was a "moving force" behind any constitutional violation. Without facts to support plaintiff's allegations, there is no basis for municipal liability under section 1983.

*Id.* (citing *Piotrowski*, 237 F.3d at 578; internal citations omitted).

Furthermore, to the extent that, through his "keeper of the jail" theory, Littell seeks to hold Sheriff Valdez liable as a supervisory official, "[s]upervisory officials cannot be held vicariously liable for their subordinates' actions under [Section] 1983." *Wylupek v. Mooneyham*, No. 7:00-cv-164-BF, 2001 WL 1398723, at *5 (N.D. Tex. Nov. 6, 2001) (citing *Monell*, 436 U.S. at 691-95; *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988); *Thibodeaux v. Arceneaux*, 768 F.2d 737, 739 (5th Cir. 1985) (per curiam)).

Instead, the Fifth Circuit has "frequently held that supervisor liability under section 1983 requires a showing of the supervisor's deliberate indifference to the known

or obvious fact that such constitutional violations would result and that generally requires that a plaintiff demonstrate at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 427 (5th Cir. 2006) (quoting *Johnson v. Deep E. Tex. Reg'l Narcotics*, 379 F.3d 293, 309 (5th Cir. 2004)) (citing *Estate of Davis v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005); *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003); *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)) (internal quotation marks and bracket omitted); *see also Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 199 (5th Cir. 2015) (per curiam) ("Under [a] theory [of Section 1983 supervisory liability], 'the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference.' Deliberate indifference in this context ordinarily requires a 'pattern of similar constitutional violations by untrained employees.'" (respectively quoting *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998); *Connick v. Thompson*, 563 U.S. 51, __, 131 S. Ct. 1350, 1360 (2011))).

Littell's allegations focus only on alleged harms to him. He has not alleged a pattern of such harms. As such, he has not alleged the requisite deliberate indifference to show that Sheriff Valdez is liable to him under a theory of Section 1983 supervisory liability. *See Craig v. St. Martin Parish Sheriff*, 861 F. Supp. 2d 1290, 1302 (W.D. La. 1994) (Generally speaking, "[a] single incident, standing alone, is insufficient as a matter of law to establish a failure to train violation." (citing *Oklahoma City v. Tuttle*,

471 U.S. 808, 823-24 (1985))); *see also Phillips v. Johnson*, No. 3:04-cv-1719-N, 2005 WL 43971 (N.D. Tex. Jan. 7, 2005), *rec. adopted*, 2005 WL 221350 (N.D. Tex. Jan. 27, 2005) (dismissing, pursuant to Sections 1915(e)(2) and 1915A, Section 1983 action by a prisoner against the TDCJ director based on a 94-day delay in prisoner's release from custody in part because the defendant was not personally involved and because the plaintiff failed to establish supervisory liability).

Littell's strip-search claim is also due to be dismissed for a separate reason. Even if the Court liberally construes his pertinent factual allegations – the Dallas County Jail's alleged policy of allowing a strip search of him in the presence of other inmates, including females, in the course of medical processing violated his constitutional rights, *see* Dkt. No. 3 at 4; Dkt. No. 7 at 3-8 – as asserting a cause of action under the Fourth Amendment, *cf. Johnson*, 135 S. Ct. at 347, the Fourth Amendment affords Littell "no relief ... under any set of facts that might be proved consistent with the [his] allegations," *Hutchins v. McDaniel*, 512 F.3d 193, 195 (5th Cir. 2007) (per curiam) (citing *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 160 (5th Cir. 1995)). Littell alleges merely that the search – conducted in connection with his arrival and processing into the jail – violated his rights because it was conducted in view of females. But he fails to allege that the individual search – or any policy underlying that search – was "unreasonable because [it was] conducted in the absence of any penological justification." *Waddleton*, 445 F. App'x at 809 (vacating dismissal under Sections 1915A and 1915(e)(2) – as "premature" – because prisoner made such an allegation, which was required to be accepted as true); *see also Moore*, 168 F.3d at

237 ("Moore alleges that Barbara Carwell conducted these searches despite the absence of emergency or extraordinary circumstances. Additionally, Moore contends that the male Defendants were present during the search, suggesting that male officers were available to conduct the searches. Assuming Moore's allegations are true, we hold that this claim is not frivolous because the facts he alleges could entitle him to relief for a Fourth Amendment violation."); *Russell v. Stroleny*, No. 2:13-cv-142, 2014 WL 357408, at *9 (S.D. Tex. Jan. 31, 2014) ("To the extent Plaintiff claims that the presence of female officers rendered the searches 'exaggerated,' his claim must fail because the Fifth Circuit has concluded that strip searches, even those conducted in non-secluded areas and in the presence of prison employees of the opposite sex, are not unconstitutional." (citations omitted)).

## Recommendation

The Court should summarily dismiss this action as frivolous for the reasons stated above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 20, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE